IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 21-00140-KD-B |
| | ) |
| JOSEPH LEE MURPHY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Joseph Lee Murphy's Affidavit of Substantial Hardship and Clerk's letter to Murphy regarding costs of copies of his file (doc. 130). The Court construes the documents as a motion to obtain copies of the court record without payment on grounds that Murphy is indigent. Upon consideration, and for the reasons set forth herein the motion is DENIED.

Murphy was indicted for the offenses of possession with intent to distribute a controlled substance (Count One) and conspiracy to possess with intent to distribute a controlled substance (Count Two). Specifically, methamphetamine (ICE) and marijuana (doc. 49). Murphy qualified for appointment of counsel pursuant to the Criminal Justice Act (docs. 10, 20). Murphy was tried and convicted on both counts as to marijuana (doc. 91, verdict; doc. 92, order on jury trial). He was sentenced to a total term of twenty (24) months, as to both counts, to serve concurrent (doc. 110). His conviction and sentence were affirmed on appeal (doc. 126). The mandate issued April 25, 2023 (doc. 127).

In July 2023, Murphy requested a copy of his "complete file" (doc. 129). The Clerk responded that the file consists of 790 pages, with a copying cost of $.10 per page for a total of $79.00. Murphy then filed the instant motion to obtain copies of the court record without

payment on grounds that he is indigent.

In general, a prisoner who has been granted *in forma pauperis* status in order to proceed on an application for writ of habeas corpus or motion to vacate, may obtain a copy of the court records without cost. 28 U.S.C. § 2250; 28 U.S.C. § 753(f) (addressing availability of transcripts). However, "[w]hen a prisoner has not filed a motion to vacate his sentence, . . . the 'prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.'" United States v. Warmus, 151 Fed. Appx. 783, 787 (11th Cir. 2005), citing United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973) and Skinner v. United States, 434 F.2d 1036, 1037 (5th Cir. 1970); see Hansen v. United States, 956 F.2d 245, 247-248 (11th Cir. 1992) ("We hold that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.") (footnote omitted); see United States v. Adamson, 681 Fed. Appx. 824, 827 (11th Cir. 2017) (affirming the district court's denial of a motion for transcripts, where no § 2255 motion was pending and finding that defendant "is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent.") (Citation omitted).

Since Murphy has not filed a motion to vacate pursuant to 28 U.S.C. § 2255 or any other motion and has not qualified to proceed *in forma pauperis* on such motion, his motion for copies of the court record is due to be denied.

DONE and ORDERED this 19th day of September 2023.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE