IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Criminal Action No. 21-00140-KD-B |
| | ) |
| **JOSEPH L. MURPHY,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the Motion to Vacate Sentence and Judgment filed by Defendant Joseph L. Murphy (doc. 132). Upon consideration, and for the reasons set forth herein, the motion is DISMISSED.

Murphy was convicted for the offense of possession with intent to distribute a controlled substance and conspiracy to possess with intent to distribute a controlled substance (doc. 110). He was sentenced to a term of 24 months as to each conviction, to serve concurrently, and with credit for time served (Id.).

Murphy moves to vacate his sentence and judgment on grounds that he was not represented by counsel during the criminal proceedings in this Court (doc. 132). He alleges that he "was not informed by the trial court or anyone else prior to or during the trial of [his] constitutional right to representation by counsel" (Id.). Murphy also alleges that his judgment of conviction was not appealed and the time for appeal has lapsed. Murphy's motion is construed as alleging a violation of the Sixth Amendment and a possible claim of ineffective assistance of counsel.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, provides for a preliminary review by the court. Subparagraph (b) states that the

> judge who receives the motion must promptly examine it. If it plainly appears from
> the motion, any attached exhibits, and the record of prior proceedings that the

>moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

28 U.S.C. foll. § 2255, Rule 4(b).

The record of prior proceedings shows that Murphy was found unable to afford counsel and the Federal Defender was appointed (doc. 10). Later, the Federal Defender's motion to withdraw was granted and a member of the Criminal Justice Act Panel of Attorneys was appointed to represent Murphy (doc. 41). The record also shows that a notice of appeal was filed, and that Murphy's conviction was affirmed on appeal (docs. 109, 126, 127). For the reasons set forth, Murphy is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the Motion is DISMISSED, and the Clerk is directed to notify Murphy.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 18 U.S.C. foll. § 2255, Rule 11(a). "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " Spencer v. United States, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). When the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation

modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El, 537 U.S. at 338 (quotations omitted). Upon consideration, Certificate of Appealability is **DENIED**. Murphy has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find this Court's assessment of his constitutional claim as "debatable or wrong." Slack, 529 U.S. at 484.

**DONE** and **ORDERED** this the 13th day of March 2024.

       s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE